IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR MARCANO-MARTINEZ, et al.,

Plaintiffs,

v.

CIVIL NO. 19-1023 (CVR)

COOPERATIVA DE SEGUROS MULTIPLES
DE PUERTO RICO, et al.,

Defendants.

# OPINION AND ORDER

# INTRODUCTION

The present case is one in a long line of cases arising in the aftermath of Hurricane María's passing through Puerto Rico, where it impacted on September 20, 2017. Plaintiffs Héctor Marcano-Martínez and Wanda Hernández-Díaz ("Plaintiffs") filed this case against their insurer, Defendant Cooperativa de Seguros Múltiples de Puerto Rico ("CSM" or "Defendant CSM"), averring that Defendant refused to pay for the damages their insured property suffered because of the hurricane, which amount to over $750,000.00.

Defendant now seeks summary disposition of this case, contending that the case is time-barred as the applicable policy indicates that any legal claim must be filed within one year of the loss. (Docket No. 29).[1] Defendant argues that the hurricane occurred on September 20, 2017 and the claim was filed some 16 months later, that is, on January 9, 2019. As such, the claim is time-barred because the contractual language of the policy between the parties indicates that suit must be brought within one year of the incident

---

[1] Before the Court are also Plaintiffs' opposition thereto (Docket No. 36) and Defendant's Reply to Plaintiffs' opposition (Docket No. 37).

that caused the loss. In addition, Defendant CSM contends that the prescriptive period was never interrupted for Plaintiffs' Complaint to be considered timely on the date it was filed. Therefore, the case is time-barred under Puerto Rico law and must be dismissed.

For the reasons explained below, Defendants' Motion for Summary Judgment is GRANTED. (Docket No. 29).

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all

reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The Court of Appeals for the First Circuit has "emphasized the importance of local rules like Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); see also Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' " Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)).

Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must then "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Time and again, the First Circuit has highlighted that facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

# UNCONTESTED FACTS

1. Plaintiffs are named insureds under Policy No. MPP-2280791 issued by CSM, which runs from April 8, 2017 to April 8, 2018. D. Exhibit 3.

2. Insurance Policy No. MPP-2280791 is subject to its limits of liability, exclusions, terms and conditions. D. Exhibit 3.

3. Policy No. MPP-2280791 issued by CSM states that "[n]o legal action can be brought against us unless there has been full compliance with all the terms of this policy" and "[u]nder the Property Coverage Part the legal action must start within one year of the date of loss". D. Exhibit I, p. 2, par. D.

4. Hurricane María struck the island of Puerto Rico on September 20, 2017.

5. On January 9, 2019, Plaintiffs filed their action for losses to their property in Vistamar Marina resulting from the effects of hurricane María. Docket No. 1.

6. In Plaintiffs' March 26, 2019 Rule 26 Initial Disclosures letter, Plaintiffs' Counsel stated that "[c]ommunications related to extrajudicial claims under the CSM Policy made by Plaintiffs, or on behalf of them, shall be produced as soon as counsel receives them." D. Exhibit 4.

7. At the Initial Settlement and Scheduling Conference held on April 12, 2019, a deadline of April 26, 2019 was established to supplement initial disclosures under Rule 26. Docket No. 17.

8. No extrajudicial claims were produced by Plaintiffs or on their behalf. D. Exhibits 5, 6 and 7.

9. On May 23, 2019, counsel for Plaintiffs filed a motion with the Court indicating that "[h]owever, plaintiffs' counsel never received any such communications that

   aren't already in the possession of CSM as all of these were forms which were submitted by and to CSM". Docket No, 19, par. 3.

10. No form 27.164 or complaint regarding "bad faith compliance" was filed with the Office of Insurance Commissioner or received by CSM as a prerequisite for bringing civil action as required under Section 27.164 of Law No. 247-2018. D. Exhibits 5, and 8.

## LEGAL ANALYSIS

Puerto Rico law governs this diversity case because Plaintiffs are residents of Florida. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). Under Puerto Rico law, a contract is valid when it is "not contrary to law, morals, or public order." P.R. Laws Ann. tit. 31, § 3372. Article 1233 of the Puerto Rico Civil Code further provides that "when the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." P.R. Laws Ann. tit. 31, § 3471. However, where a policy's language is unclear, the Court must construe the provisions against the insurer. Great Am. Ins. Co. v. Riso, Inc., 479 F.3d 158, 162 (1st Cir. 2007).

   "[A] term is considered 'clear' when it is sufficiently lucid to be understood to have one particular meaning, without room for doubt." Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F.Supp. 98, 104 (D.P.R.1993). Ambiguity is present in a policy if a word or phrase is reasonably susceptible to more than one construction. Riso, 479 F.3d at 163 (stating that "[t]he ambiguities canon applies only where the policy can reasonably be read two ways, and the touchstone of coverage is expectation of protective insurance reasonably generated by the terms of the policy").

In that same vein, insurance contracts generally are viewed as adhesion contracts under Puerto Rico law, requiring liberal construction in favor of the insured. Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. of P.R., Inc., 167 F.3d 1, 7 (1st Cir. 1999) (*citing* Quiñones López v. Manzano Pozas, 141 D.P.R. 139, 155 (1996)). However, where a contract's wording is explicit and its language unambiguous, the parties are bound by its clearly stated terms and conditions, with no room for further debate. Vulcan Tools of P.R. v. Makita U.S.A., Inc., 23 F.3d 564, 567 (1st Cir. 1994) (where no doubt or ambiguity lies amidst the meaning of a contract's terms, "the court cannot dwell on the 'alleged' intent of the parties at the time they entered into the contract."

Finally, Article 1873 of the Civil Code of Puerto Rico provides that, "[p]rescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." P.R. Laws Ann. tit. 31, § 5303. When prescription is raised as an affirmative defense, "the burden of proving that prescription has been interrupted shifts to the plaintiff". Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 406 (1st Cir. 2009) (*quoting* Tokyo Marine & Fire Ins. Co. v. Pérez & Cía. de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998)).

In the present case, Defendant avers that the contract between the parties clearly stipulates that a lawsuit must be commenced within one year of the occurrence that caused the loss, which was not done here as the case was filed over 15 months after the hurricane hit Puerto Rico. The Insurance Policy in the case at bar specifically states the following: "Under the Property Coverage Part the legal action must start within one year of the date of loss". See D. Exhibit I, p. 2, par. D.

In the alternative, as stated above, the one year prescriptive period to file the lawsuit may be interrupted by any of the three methods outlined in the Civil Code.[2] Defendant CSM avers this case is time-barred because no action was timely filed in any court, no extrajudicial claim was sent, and there has been no acknowledgement of the debt within the one year term established by the parties.

Defendant CSM further asserts that Plaintiffs have failed to comply with the requirements of Puerto Rico Law No. 247-2018. This law, passed after Hurricane María, provides additional civil remedies for the claimants in the event of breaches and violations of certain provisions of the Insurance Code by an insurer. In section 27.164, it sets forth a prerequisite for bringing civil action under its provisions and requires a claimant to fill out and file a specific form notifying the Commissioner and the insurer of the alleged violation and/or breach prior to filing the civil action before the court. This law was passed on November 27, 2018 and went into effect immediately thereafter. P.R. Laws Ann. tit 26, § 1119.

The Puerto Rico Civil Code requires parties to be bound by the contracts they sign, holding that "a contract exists from the moment one or more persons consent to bind himself or themselves, regarding another or others, to give something or to render some service". P.R. Laws Ann. tit. 31, § 3371. The Civil Code further states that "[c]ontracts are perfected by mere consent, and from that time they are binding...". P.R. Laws Ann. tit. 31, § 3375. Thus, the Court concludes that Plaintiffs were bound by the clause in the

---

[2] Amendments were made to the Puerto Rico Insurance Code via Law 242 of November 27, 2018 which explicitly state that a claim may be interrupted by any of the three methods outlined in the Civil Code in P.R. Laws Ann tit. 31, § 1873. Puerto Rico Insurance Code Article 11.190; P.R. Laws Ann. tit. 26, § 1119 (6). See also Ruling Letter CN-2019-246-D, issued by then Commissioner of Insurance Javier Rivera Ríos dated January 11, 2019, explaining said amendment to the law.

insurance policy which mandated that any legal claim be commenced within one year of the loss.

Applying this holding to the facts of this lawsuit, the present case was filed on January 9, 2019, more than a year after hurricane María hit Puerto Rico. Plaintiffs therefore clearly failed to meet the one-year contractual requirement for bringing this lawsuit. Thus, the question becomes whether Plaintiffs adequately and timely tolled the prescriptive period pursuant to the Puerto Rico Civil Code.

Defendant CSM argues that Plaintiffs failed to toll the applicable prescriptive period. In support of this argument, Defendant CSM submits unsworn statements from employees José Colón Sánchez, Idaris Rivera de Jesús and Raisa Torres Torres, attesting to the fact that no claims were filed with CSM by or on behalf of Plaintiffs.

On the other hand, Plaintiffs argue that they tolled the prescriptive period, and the case is not time-barred. Nevertheless, they failed to submit any evidence of the interruption of said term. Plaintiffs further admit that they do not have copies of any written communications they sent to CSM because they are already in the possession of CSM. In support of this proposition, they offer their own, self-serving statements as to these facts, and further argue that they made "many attempts" to "make an extrajudicial claim" regarding their loss. (Docket No. 33, Exhibits B and C). Plaintiffs also state that, when they were finally able to get a hold of someone from CSM on the phone, they were "assured" they would be called back and never were, and after they finally managed to reach someone over the telephone, CSM ignored "meaningful communications" from them. Id.

The problem with Plaintiffs' argument is that they have failed to evidence that an interruption was done. They proffer no evidence whatsoever to buttress their allegations that they tolled the period, and their attempts lack specificity as to who they spoke with, on what date they spoke to a CSM representative, and what was said. No documents were filed with the Court, such as copies of the letters they allegedly sent, copies of the return receipt of a certified letter sent to CSM, for example, or a claim number.

Perhaps realizing their predicament, Plaintiffs proffer instead that CSM's bad faith requires the Court to not consider CMS's time-bar defense, citing to the case of De León v. Caparra Center, 99 TSPR 24. However, De León is instructive on another level, mainly exactly what is required for a party to properly toll the prescriptive period. De León states that to timely toll a claim, the following elements must be present, to wit: "a) opportunity or timeliness, which requires that the claim be made before the limitation period runs out; b) standing, which requires that the claim be made by the holder of the right or party to the action whose limitation period is sought to be tolled; c) adequacy of the means employed to make the claim; and d) identity between the right claimed and the right affected by the statute of limitations. Id.

Spanish Commentator Diez-Picazo, on the other hand, states that "an extrajudicial claim does in fact include virtually any demand formulated by the creditor. The only limitations are that the claim must be made by the holder of the substantive right (or his legal representative), ... it must be addressed to the debtor or passive subject of the right, not to a third party, ... and it must require or demand the same conduct or relief ultimately sought in the subsequent lawsuit". Luis Diez-Picazo, *La prescripción en el Código Civil* at

130 (Barcelona, Ed. Bosch 1964); see also Caraballo v. Hosp. Pavía Hato Rey, Inc., 377 F. Supp. 3d 99, 116 (D.P.R. 2019).

In other words, if nothing else, it requires that timely and adequate notice be made, by the correct party, to the correct party, and must detail the claims and the relief requested. Although Puerto Rico law imposes no formal requirements on extrajudicial tolling, the Court has been unable to find any case where a telephone call can effectively toll a claim and Plaintiffs point to none in their documents.

The case of Deutsche Bank Tr. Co. Americas v. Doral Fin. Corp., 841 F. Supp. 2d 593, 603 (D.P.R. 2012) mentions in passing that Puerto Rico law permits both written and verbal tolling, citing to Galib-Frangie v. El Vocero de Puerto Rico, 138 D.P.R. 560 (1995), for this proposition. Nonetheless, El Vocero case does not explicitly state this. Rather, the issue there was whether a letter served to toll the prescriptive period and focused on the specific contents of the letter. Deutsche Bank further stated that "courts in this jurisdiction favor a liberal approach to extrajudicial tolling, with the conservation of rights been regarded as the norm", and that "[i]nterruption of the limitations period occurs with the "unmistakable manifestation of one, who threatened with the loss of his right, expresses his wish not to lose it".

In Kery v. Am. Airlines, Inc., 931 F. Supp. 947, 953 (D.P.R. 1995), this district tackled the elements of the notice requirement and compared the different local case holdings. Some cases focused on whether the claim had been received instead of whether defendants had "actual knowledge" of the claim, and others merely required that the claim arrive at its destiny, thus suggesting that at a minimum, the notice must be made in writing. In fact, the Puerto Rico Supreme Court has often stated that a notice must "be

received" by the debtor for tolling to occur. Zambrana-Maldonado, 129 D.P.R. 740 (1992); Hawayek v. A.F.F., 123 D.P.R. 526 (1989); Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471 (1980). In the end, all caselaw leans toward the requirement that the prescriptive period must be interrupted in writing.

Turning to the instant case, Defendants raised the time bar defense. Thus, the burden shifted to Plaintiffs to demonstrate that they timely and adequately interrupted the prescriptive period. Although the Court agrees with Plaintiffs that claims from damages suffered from hurricanes Irma and María are subject to tolling as any regular claim would be, they have failed to bring forth evidence before the Court that they did interrupt the term. Time and again, Plaintiffs say that they interrupted the claim, yet all they proffer in support thereof is that they "attempted" to make a claim, made some phone calls, and nothing else. This does not conform to the requirements set forth in De León, or any of the Puerto Rico caselaw regarding tolling.

Even if Defendant CSM had been timely notified, the method used by Plaintiffs was still not adequate. A phone call with no other evidence, not even a claim number, is insufficient to toll the prescriptive period, and at summary judgment more is needed than the affidavits filed by Plaintiffs. Adequate notice of the claims, damages and relief sought must be made to the debtor. If it was done, as Plaintiffs allege, that evidence is not on the record. There are no documents or other proof to demonstrate that Plaintiffs adequately tolled the prescriptive period with an extrajudicial claim. Consequently, the Court must conclude that the claims are time-barred.

As an alternative, Plaintiffs proffer that the Court should not reward Defendant's bad faith, because Defendant allegedly dragged its feet during this process and forced

them to sue. Thus, the time bar defense should be stricken pursuant to Puerto Rico Supreme Court precedent in Velilla v. Pueblo Supermarkets, 111 D.P.R. 585 (1981).

Nevertheless, the Pueblo case is distinguishable from the present case. In Pueblo, Pueblo itself referred the claimant to the adjuster and was fully aware that the claimant was trying to reach an agreement with said adjuster. It was not until a year afterwards, when the prescriptive period ran out, and after the complaint had already been filed, that Pueblo came clean and revealed that it was not being represented by the adjuster after all and raised the time bar issue. The Puerto Rico Supreme Court ultimately penalized Pueblo for its bad faith in leading the claimant on and struck its time bar defense. Thus, Pueblo had actual knowledge of the claim and referred the claimant to the adjuster, who then engaged in negotiations to resolve the claim extrajudicially, thus causing the prescriptive period to run. That is not the situation in the case at bar where Plaintiffs failed to evidence that they notified or filed any sort of claim with CSM, and after that notice, that CSM engaged in bad faith.

If more were needed, the Court also finds that Plaintiffs failed to comply with the clear terms of Law 247 of November 27, 2018, which requires a claimant to file a written notice of the violations with the Commissioner of Insurance, as well as its insurer, as a prerequisite to filing a civil action. [3] The insurer would then have sixty (60) days to resolve the claim before any civil action is filed. That prerequisite was not met here, insofar as Plaintiffs candidly admit that they did not file any form with the Commissioner or CSM.

---

[3] Interestingly, the requirement that notice be made in writing is also present in this recently passed amendment to the Insurance Code. Additionally, the notice must contain certain specific information: citation to the statute being violated, factual basis for the claims, name of parties involved, specific notice of the applicable policy language that covers the violation, and an indication that the notice is being filed "in order to perfect the right to seek a civil recourse authorized by this section". Puerto Rico Insurance Code Article 27.164 (3)(a); P.R. Laws Ann. tit. 26 § 2716c.

(Docket No. 33, item 13). Instead, they proffer that the form was not notified by the Commissioner until after the Plaintiffs had filed their complaint. While it may be true that the Commissioner's Ruling Letter CN-2019-246-D, which is an informative letter, was issued on January 11, 2019, the law is clear in that the law went into effect immediately after its approval, which was on November 27, 2018. Plaintiffs' argument is therefore inapposite.

Finally, the Court notes that, as part of their opposition, Plaintiffs proffer as an uncontested fact that "the Complaint was filed with the two-year term for post-Maria claims" and point to the Complaint as a citation in support of said statement. Allegations contained in a Complaint are not evidence at summary judgment[4] and the Court has been unable to find any legal support for this two-year term position.

In sum, the Court finds Plaintiffs failed to file this lawsuit within the one-year period as required under the insurance policy. The Court further finds that Plaintiffs also failed to interrupt the prescriptive period for their claims by any of the three methods provided under Puerto Rico law. A such, Plaintiffs' cause of action is time-barred, and this case is DISMISSED WITH PREJUDICE.

## CONCLUSION

For all the aforementioned reasons, Defendants' Motion for Summary Judgment (Docket No. 29) is hereby GRANTED.

---

[4] "Mere allegations are not 'evidence'" Zilberstein v. Kendall College, 286 Fed. Appx. 938, 940 (7th Cir. 2008); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 3 (1st Cir. 2010) ("mere allegations are not entitled to weight in the summary judgment calculus"); Tibbs v. City of Chicago, 469 F.3d 661, 663 fn. 2 (7th Cir. 2006) ("the entire 'Statement of Facts' section of Tibbs's appellate brief cites only to his amended complaint; mere allegations of a complaint are not evidence"); Geshke v. Crocs, Inc., 740 F.3d 74, 78 (1st Cir. 2014); ("unverified allegations in a complaint are not evidence").

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 6th day of February 2020.

                                            S/CAMILLE L. VELEZ-RIVE
                                            CAMILLE L. VELEZ RIVE
                                            UNITED STATES MAGISTRATE JUDGE